IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00274-MR-WCM

KATHALEEN RICHARDSON-BRIGHT,  )
                              )
              Plaintiff,      )
                              )
  vs.                         )
                              )                ORDER
                              )
U.S. DEPARTMENT OF HOUSING    )
AND URBAN DEVELOPMENT, VINAY  )
SINGH, ASHEVILLE HOUSING      )
AUTHORITY, DAVID NASH, US     )
MARINE HEADQUARTERS, DAVID H. )
BERGER, MORGAN STATE, and     )
DAVID K. WILSON,              )
                              )
              Defendants.     )
_____)

**THIS MATTER** is before the Court on initial review of the Complaint [Doc.1] and the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2].

I.   STANDARD OF REVIEW

Because the Plaintiff, who is proceeding *pro se*, seeks to proceed *in forma pauperis*, the Court must examine the pleadings to determine whether this Court has jurisdiction and to ensure that the action is not frivolous or malicious and states a claim upon which relief can be granted. See 28 U.S.C.

§ 1915(e)(2)(B)(i) and (ii); see also Michau v. Charleston Cnty., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to complaints filed by prisoners"). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The Fourth Circuit has offered the following guidance to a court tasked with determining whether a complaint is frivolous under § 1915(e):

> The district court need not look beyond the complaint's allegations in making such a determination. It must, however, hold the *pro se* complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally. Trial courts, however, are granted broad discretion in determining whether a suit is frivolous or malicious.

White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989). While the complaint must be construed liberally, the Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," including such claims that describe "fantastic or delusional scenarios." Neitzke, 490 U.S. at 327, 328.

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

2

Civ. P. 8(a)(1), (2). A complaint fails to state a claim where it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)).

## II. FACTUAL BACKGROUND

The Plaintiff brings this action against eight different defendants—the United States Department of Housing and Urban Development ("HUD") and its chief financial officer, Vinay Singh; the Asheville Housing Authority and its director, David Nash; the United States Marine Headquarters and General David H. Berger; and Morgan State University and its president, David K. Wilson. [Doc. 1 at 2].

The Plaintiff utilized a standard AO form to file her Complaint. In the section of the form where the Plaintiff is asked to identify the basis for the Court's jurisdiction, the Plaintiff checked a box indicating that the Complaint poses a federal question. [Id. at 3]. However, the next question on the form instructs that, if the basis for jurisdiction is a federal question, the Plaintiff should "[l]ist the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case." [Id.]. The Plaintiff left this question blank. [Id.].

3

Under the section entitled "Statement of the Claim," the Plaintiff was asked to "[w]rite a short and plain statement of the claim," including "the facts showing that [the] plaintiff is entitled to the damages or other relief sought" and a description of how the defendants "w[ere] involved . . . including the dates and places of that involvement or conduct." [Id.]. In response, the Plaintiff wrote a list that reads "(1) Letter to College; (2) Letter to Pentagon; (3) Information Financial Disability." [Id.]. This appears to be a reference to the exhibits attached to the Complaint. The Complaint includes two exhibits, a letter to David K. Wilson and a letter to General Berger; however, it does not include an "information financial disability" or any other exhibits. [Doc. 1-1].

In both letters, the Plaintiff describes being raped in 1978 while a freshman at Morgan State University in Maryland. [Doc. 1-1 at 1-2]. She alleges that her freshman year residence was an off-campus residence and that she was "given the address by the housing department."[1] [Id. at 2]. She alleges that a "marine soldier of that family came to that residen[ce], whether on leave-whether instructed he raped [her]." [sic]. [Id.]. The Complaint does not include any other factual allegations.

---

[1] It is not clear whether this housing department is one of the named defendants or an entity not named as a party to the present litigation.

In the section of the Complaint that asks the Plaintiff to state what damages or other relief she seeks, the Plaintiff wrote: "Honor Respect what the Supreme Court of the United States did not Financially." [Doc. 1 at 4]. In the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, she indicated that she is owed 365 million from the United States Department of Defense; however, the Department of Defense is not a party to this action. [Doc. 2 at 3].

## III. DISCUSSION

The Plaintiff indicated that this Court has federal question jurisdiction but did not identify any federal statute, treaty, or constitutional provision that is at issue in her case. Accordingly, it is not clear that the Court has jurisdiction to hear this case and the action is therefore subject to dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Further, to the extent the letters attached to the Complaint can be construed as setting forth factual allegations, it is not clear that those allegations state a claim against any of the named defendants in this case. The allegations in the letters involve an incident that occurred over four decades ago in Maryland. These allegations have at most a tenuous connection to Morgan State University, as the Plaintiff was a student at the time, and a tenuous connection to the United States Marine Corps, as the

5

Plaintiff alleges she was raped by an unidentified "marine soldier." However, the Plaintiff has failed to allege facts that would show any responsibility by the named defendants for the harm that she alleges. Further, the Plaintiff fails to allege any facts even remotely related to the Asheville Housing Authority defendants or to the HUD defendants. Accordingly, as the Plaintiff has failed to allege facts that state a claim against any of the defendants, this action is subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Before dismissing this action, however, the Court will allow the Plaintiff an opportunity to amend her Complaint to state a claim against the Defendants. In her amended complaint, the Plaintiff must identify the basis for the Court's jurisdiction, including the specific federal statute, treaty, or constitutional provision[s] at issue if the basis for jurisdiction is a federal question. The Plaintiff must also set forth plausible factual allegations to show how each of the named Defendants personally participated in or otherwise is liable for the alleged violation of the Plaintiff's constitutional rights. The amended complaint must contain all of the Plaintiff's claims and allegations; piecemeal amendment of the Complaint will not be permitted.

The Plaintiff moves to proceed in this Court without the prepayment of fees or costs. [Doc. 2]. Upon review of the Plaintiff's Application, it appears

6

Case 1:22-cv-00274-MR-WCM   Document 3   Filed 01/09/23   Page 6 of 8

the Plaintiff has not provided an adequate accounting of her resources as, rather than setting out an individualized accounting of her expenses, she has alleged that every single monthly expense, including utilities, home maintenance, food, clothing, medical expenses, and transportation, among others, is exactly sixty dollars. [Id. at 4]. She also noted on her Application that she receives $801.00 a month in disability payments and $200 a month from some "other" resource, which she failed to specify. [Id. at 2]. However, she wrote that her total monthly income is $100.00. [Id.]. The Court will give the Plaintiff an opportunity to amend her application to provide an accurate account of her monthly income and monthly expenses before it determines whether she has adequate resources to pay the required filing fee.

**IT IS, THEREFORE, ORDERED** that the Plaintiff shall have thirty (30) days in which to amend her Complaint in accordance with the terms of this Order. **If the Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to the Plaintiff.**

**IT IS FURTHER ORDERED** that that the Plaintiff shall have thirty (30) days in which to amend her Application to Proceed in District Court without Prepaying Fees or Costs in accordance with the terms of this Order. **If the Plaintiff fails to amend the Application in accordance with this Order**

7

Case 1:22-cv-00274-MR-WCM   Document 3   Filed 01/09/23   Page 7 of 8

**and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to the Plaintiff.**

The Clerk is respectfully instructed to mail the Plaintiff a blank civil complaint form and a blank application to proceed in district court without prepaying fees or costs.

**IT IS SO ORDERED**.

Signed: January 6, 2023

Martin Reidinger
Chief United States District Judge

8

Case 1:22-cv-00274-MR-WCM   Document 3   Filed 01/09/23   Page 8 of 8